NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0188n.06

No. 21-5401

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

APRIL DIANE MCPETERS, individually and on
behalf of all others similarly situated,

      Plaintiff-Appellant,

v.

TONY PARKER, Commissioner of the Tennessee
Department of Correction, et al.,

      Defendants-Appellees.

)
)
)
)
)
)
)
)
)
)
)
)

FILED
May 06, 2022
DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE EASTERN
DISTRICT OF TENNESSEE

Before: BATCHELDER, WHITE, and BUSH, Circuit Judges.

**ALICE M. BATCHELDER, Circuit Judge**. In 2017, while she was on probation with the State of Tennessee, April Diane McPeters was sexually assaulted in her home by a probation officer. McPeters alleges that after she reported the incident to two unidentified male Tennessee Department of Correction ("TDOC") officers, she was subjected to "increasingly strict supervision" and a "surprise" home visit seven months later, which led to revocation of her probation and her being sent to jail. McPeters also alleges that her request to be assigned a female probation officer was denied, that her assailant "assaulted multiple [other] probationers," and that female probationers across Tennessee have made "[m]ultiple complaints" of sexual harassment and assault by male probation officers. The assailant, Bryant Lamont Thomas, was fired for an unrelated incident. Although there was never a formal TDOC report or investigation into his

misconduct towards McPeters, Thomas later pleaded guilty to sexual contact with a probationer and was sentenced to two years of supervised probation.

McPeters filed suit under 42 U.S.C. § 1983 against Thomas and his supervisors, alleging that her constitutional rights had been violated. Thomas's supervisors were Tony C. Parker, the TDOC Commissioner; Alisha Shoates James, the Assistant Commissioner for Community Supervision; David Lane, the Correctional Administrator for the East Division of Probation; Paul C. Gore, a supervisor within the Division of Probation and Parole; and Wade A. Adcock, another supervisor within the Division of Probation and Parole. McPeters recovered against Thomas,[1] but the district court dismissed her claims against Thomas's supervisors under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

In her complaint, McPeters brings supervisory liability claims against Thomas's supervisors based on their alleged retaliation, failure to train, failure to establish policies to prevent sexual assault, and failure to provide medical care. McPeters also seeks injunctive relief and class-action certification on behalf of similarly situated female probationers or parolees under TDOC supervision. In dismissing those claims, the district court found, among other things, that (1) it lacked jurisdiction over McPeters's claim for injunctive relief and for class-action certification because McPeters did not sufficiently allege a likelihood that she would suffer future harm and, therefore, she lacked standing; and (2) McPeters failed to state an individual-capacity claim against Thomas's supervisors because the complaint was devoid of specific allegations of any acts or omissions by any of the supervisors that would show retaliation or their active participation in—

---

[1] In March 2021, the district court entered a default judgment against Thomas and awarded McPeters compensatory damages, punitive damages, and attorney's fees.

or knowledge of or deliberate indifference to—Thomas's conduct, and because the supervisors were, alternatively, entitled to qualified immunity.

McPeters appeals the district court's dismissal with respect to her claims for injunctive relief, class certification, and supervisory liability based on retaliation and failure to train. She argues that her allegations were sufficient to state claims for relief on her cause of action. We review the district court's judgment de novo. *Lipman v. Budish*, 974 F.3d 726, 740 (6th Cir. 2020); *Cartwright v. Garner*, 751 F.3d 752, 760 (6th Cir. 2014).

Having carefully considered the record on appeal, the briefs of the parties, and the applicable law, we find that the district court did not err in its conclusions. Because the district court's opinion carefully and correctly sets out the law governing the issues raised, and clearly articulates the reasons underlying its decision, issuance of a full written opinion by this court would serve no useful purpose and would be duplicative. Accordingly, for the reasons stated in the district court's opinion as to the issues on appeal, we **AFFIRM**.